UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAUL BARBARA, et al.,

                          Plaintiffs,

    - v -

MARINEMAX, INC., et al.,

                          Defendants.
------------------------------------------------------------x

**ORDER**

CV-12-368 (ARR)(VVP)

        The defendants have moved for an adjournment of the initial conference now scheduled for May 2, 2012, and a stay of discovery pursuant to the Private Securities Litigation Reform Act of 1996, Pub. L. No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.) (the "PSLRA"). The specific provision on which the defendants rely provides,

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(b). This stay of discovery provision is "intended to prevent unnecessary imposition of discovery costs on defendants." H.R. Rep. No. 104-369, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 731. The provision thus establishes "a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims." *Mori v. Saito*, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (quoting *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 32 (2d Cir. 2005), *overruled on other grounds by* 547 U.S. 71 (2006)).

There is no dispute that the claims in this action arise in part under the securities laws to which the above subsection applies, and that the defendants have made a motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The provision therefore applies. Although the plaintiffs have brought other claims, their amended complaint states that all of the claims arise out of the same transactions and occurrences. Accordingly, the stay should be granted. *E.g., SG Cowen Securities Corp. v. United States Dist. Court for Northern Dist. of Calif.*, 189 F.3d 909, 913 n.1 (9th Cir. 1999); *Rampersad v. Deutsche Bank Securities Inc.*, 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003).

Accordingly, the defendants' motion for a stay of discovery is granted, and the initial conference scheduled for May 2, 2012 is adjourned without date. The plaintiffs' motion for discovery is denied. Counsel are directed to alert chambers once the defendants' motion to dismiss is decided.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         April 23, 2012